KLEES, Judge.
Appellant, Oday John Lavergne, Jr., a licensed physical therapist, appeals a judgment from Civil District Court upholding a decision of the Louisiana State Board of Medical Examiners (“the Board”) placing him on two years probation for violating La.R.S. 37:2401-2418, the Physical Therapy Practice Act. We reverse.
On January 6, 1986, Douglas Smith, a student at Holy Savior Menard High School in Alexandria, injured his right ankle at basketball practice. After putting ice on the ankle, the athletic coach, Robin Becker, brought Smith to Lavergne’s office to have Lavergne look at the injury. Lavergne volunteered his services to the local high schools to screen injuries incurred during athletic events. Lavergne examined the ankle, performed a heel strike test and concluded the ankle was'not likely broken. Lavergne told Smith to keep the ice on the ankle, try to put weight on it and if pain persisted, he should see his family physician or return to Lavergne’s office and Lavergne would refer him to a physician.
A complaint was filed with the Louisiana State Board of Medical Examiners against Lavergne and a formal administrative hearing was held on November 18, 1986. The board ruled against Lavergne, reprimanded him for conduct in violation of the Physical Therapy Practice Act and placed him on probation for two years. After being denied a request for rehearing, Lavergne sought judicial review before the Civil District Court of Orleans Parish. The trial court judge rendered a judgment remanding the matter to the Board with the directive that the Board specifically state why Lavergne’s actions were in violation of the Physical Therapy Practice Act. The Board amended its original decision. Its final decision stated Lavergne was reprimanded for “engaging in the practice of physical therapy in excess of the scope of physical therapy practice as defined by the Physical Therapy Practice Act of Louisiana, La.R.S. 37:2401-2418, and more partic *657 ularly by undertaking and purporting to diagnose and prescribe appropriate treatment for an acute athletic injury.”
La.R.S. 37:2410(A) in pertinent part reads as follows:
“Initial evaluation or consultation of a screening nature to determine the need for physical therapy may be performed without referral, but implementation of physical therapy treatment to individuals for their specific condition or conditions shall be based on the prescription or referral of a person licensed to practice medicine, surgery, dentistry, or podiatry.”
This case, as the Board stated in its final decision, represented the first instance in which the Board had the opportunity to explicate its construction of the term “initial evaluation”. While we recognize the statutory duty imposed upon the board to sanction violators of the act, we do not agree with the Board’s conclusion that, under the statute, a clear distinction can be drawn between medical diagnosis and physical therapy evaluation in the instant case.
The terms “initial evaulation” and “consultation of a screening nature” as used in the statute are not adequately defined. The statute contains no explicit language which sets forth or details what procedures a physical therapist can perform when conducting an “initial evaluation” or a “consultation of a screening nature”. Nor does it establish limits within which an “initial evaluation” can or can not be performed. It is apparent the statute is vague as to what constitutes an “initial evaluation”.
In its final decision the board concluded, as a matter of law, that the provision in question entitles a licensed physical therapist only to determine whether a person, whose medical condition if any has been previously diagnosed or does not require diagnosis, is a suitable candidate for physical therapy. The statute is clear that a physical therapist can only implement physical therapy on a patient for a specific condition after the patient has received a prescription for such therapy or referral from a licensed physician, surgeon, dentist or podiatrist. The statutory provision fails to emphasize that an initial evaluation or consultation of a screening nature can only be conducted on a patient who has an injury which has been previously diagnosed by a physician. If that was the intent of the legislature, as the Board suggests in its final decision, then it is not evident from reading the statute.
The Administrative Procedure Act, La. R.S. 49:964(G)(6), authorizes the instant judicial review of an administrative decision. It also stipulates that a reviewing court may reverse an agency’s findings when they are “manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record.” The Board reprimanded and sanctioned Lavergne because it found he undertook and determined the nature and cause of Smith’s injury and prescribed appropriate treatment. The board also found that Lavergne failed to refer Smith to a physician or suggest that he see a physician for diagnosis, and treatment of his injury. After reviewing the record in this matter, we conclude these findings are not correct. The testimonial evidence is overwhelming that Lavergne told Smith that he should see a physician about his ankle and that if Smith did not have a family physician Lavergne would refer him to one and even arrange an appointment for Smith to see a physician. The notes Lavergne took during the examination also stated that Smith should see a physician if the pain in his ankle persisted. As far as prescribing medical treatment for an acute athletic injury, Lavergne simply told Smith to continue to keep ice on the ankle. Ostensibly, this is what any reasonable person, one not necessarily trained in first aid or in a medically related field, would have suggested. Should Lavergne be sanctioned because he was a licensed physical therapist and suggested the same? Does the Physical Therapy Practice Act expressly prohibit a physical therapist from offering such reasonable advice? We think not.
Mr. Lavergne in no way held himself out to be a medical doctor. He neither wrote a prescription for medication nor suggested that Smith needed physical therapy treat *658 ment. He did not attempt to put a bandage on or x-ray the ankle. We are not convinced that, under the wording of the statute, Mr. Lavergne’s actions constituted a medical diagnosis or prescription for treatment. To so hold would substantially prejudice the rights of Lavergne. La.R.S. 49:964(G). For the foregoing reasons, the judgment of the lower court affirming the decision of the Louisiana State Board of Medical Examiners in the Matter of Oday John Lavergne, Jr., L.P.T. is hereby reversed.
REVERSED.
BARRY, J., concurs with reasons.